UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MONICO J. QUIROGA, III, | ) | Case No.: 1:16-cv-01293-JLT (HC) |
| Petitioner, | ) ) ) | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | ) | |
| KERN COUNTY SHERIFFS MEDICAL SERVICE, | ) ) ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION (Doc. 1) |
| Respondents. | ) ) | [TWENTY-ONE DAY DEADLINE] |

Petitioner is serving an 11-year sentence on an unspecified 2016 conviction. Petitioner does not challenge his conviction. Rather, he challenges the conditions of his pretrial detention. Because the Court is without jurisdiction to consider his claims in a habeas corpus action, the Court will recommend that the petition be dismissed.

**I.      DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574

(9th Cir. 1991), see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). However, a civil rights action pursuant to 42 U.S.C. §1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991).

In this case, Petitioner does not challenge his underlying conviction. Instead he challenges the conditions of his confinement while he was a pretrial detainee in custody of the Kern County Sheriff's Department at the Kern County Jail. He complains he was denied adequate medical care while housed as a pretrial detainee. He alleges he was denied medical visits to the facility doctor by Kern County Sheriff Deputy L. Porter. He asserts that medical staff members were negligent and deliberately indifferent in providing medical care, and claims that he was subjected to excessive delay in receiving treatment. He claims he was without medication for a month and made to suffer pain and discomfort while being denied visits to his doctor. He seeks money damages, injunctive relief, and declaratory judgment.

Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's sentence. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, he must file a civil rights complaint pursuant to 42 U.S.C. § 1983. On the other hand, Petitioner raised these same claims in case number 1:15-cv-01202 LJO MJS and the complaint was dismissed for failure to state a claim on August 18, 2016 (Doc. 23). His relief is to appeal that determination.

**II.     ORDER**

The Court directs the Clerk of Court is to assign a District Judge to this case.

**III.     RECOMMENDATION**

The Court RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**September 12, 2016**__          **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE